**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BLUE SPIKE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC.<br><br>    *Defendant*.<br>_____ | §<br>§<br>§   Civil Action No. 6:14-CV-987-RWS-CMC<br>§<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§ |

**DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS
FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO
<u>TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1
II. BACKGROUND .................................................................................................................. 3
III. VENUE IS IMPROPER IN THE EASTERN DISTRICT OF TEXAS UNDER
    28 U.S.C. § 1400(B) ............................................................................................................ 4
    A. 28 U.S.C. § 1400(b) Controls Venue in Patent Infringement Suits ....................... 4
    B. The Federal Circuit's Decision in VE Holding ....................................................... 6
    C. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ................. 7
    D. The Supreme Court's 2013 Decision in Atlantic Marine ...................................... 9
    E. The Venue Clarification Act Supersedes VE Holding ........................................... 9
    F. Venue Over Facebook Is Improper In this District............................................... 10
IV. CONCLUSION................................................................................................................... 11

**JURY TRIAL DEMANDED**

## TABLE OF AUTHORITIES

Page

**Cases**

*Atlantic Marine Const. Co., Inc. v. United States District Court*,
    ___ U.S. ____, 134 S.Ct. 568 (2013) .................................................................................2, 9

*Blue Spike, LLC v. Audible Magic Corporation et al.*,
    No. 12-CV-00576 (E.D. Tex. filed August 27, 2012) ...........................................................3

*Blue Spike LLC v. Texas Instruments*,
    12-cv-499 (E.D. Tex.) .............................................................................................................3

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
    406 U.S. 706 (1972) ............................................................................................................6, 9

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985) ........................................................................................2, 6, 10

*Fourco Glass Co. v. Transmirra Products Corp.*,
    353 U.S. 222 (1957) ..................................................................................................... passim

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) ............................................................................................................5, 6

*Stonite Products Co. v. Melvin Lloyd Co.*,
    315 U.S. 561 (1942) ........................................................................................................5, 6, 9

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990) .................................................................................... passim

**Statutes**

28 U.S.C. § 1391 ..............................................................................................................2, 5, 8, 9

28 U.S.C. § 1391(a) ...............................................................................................................2, 8, 10

28 U.S.C. § 1391(a)-(c) ..................................................................................................................8

28 U.S.C. § 1391(c) ............................................................................................................ passim

28 U.S.C. § 1400(b) ............................................................................................................ passim

28 U.S.C. § 1404(a) .......................................................................................................................3

28 U.S.C. § 1406(a) ..............................................................................................................1, 4, 11

Act of 1897 ...................................................................................................................................5

Federal Courts Jurisdiction and Venue Clarification Act of 2011..............................1, 2, 7, 8, 9, 10

**Other Authorities**

Fed. R. Civ. P. 5(d) ......................................................................................................................13

Federal Rule of Civil Procedure 12(b)(3) ......................................................................................1

H.R. Rep. No. 112-10 (2011).....................................................................................................2, 7

Local Rule CV-5(a).....................................................................................................................13

Local Rule CV-5(a)(3)(A) ..........................................................................................................13

Local Rule CV-5(e).....................................................................................................................13

This motion appears to present a question of first impression: whether venue is proper in the Eastern District of Texas in a patent infringement case, under 28 U.S.C. § 1400(b) and the Federal Courts Jurisdiction and Venue Clarification Act of 2011, over a corporate defendant that is not incorporated in Texas and that maintains no regular and established place of business in this judicial district. As explained below, the answer to this question is "no." Accordingly, defendant Facebook, Inc. ("Facebook") respectfully moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

## II.    INTRODUCTION

Under the special venue statute applicable to patent infringement actions, 28 U.S.C. § 1400(b), venue is proper only in (1) "the judicial district where the defendant <u>resides</u>" or (2) "where the defendant has committed acts of infringement and has <u>a regular and established place of business</u>." 28 U.S.C. § 1400(b) (emphasis added). Facebook does not satisfy either prong of Section 1400(b). Facebook is incorporated in Delaware, and not in Texas, and therefore, does not "reside" in the Eastern District of Texas under Section 1400(b). Facebook also has no offices or employees in the Eastern District of Texas, and therefore, has no "regular and established place of business" in this district. Accordingly, venue is improper and the present action must be either dismissed under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

This result follows from the Supreme Court's decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957) ("*Fourco*"), which held that "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *Id.* at 229. The Court further held that a defendant in a patent case "resides" only in the state in which it is

incorporated. *Id.* at 226; *see also In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985) ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated.") (citing *Fourco*).  Under *Fourco*, a Delaware corporation such as Facebook does not "reside" in Texas.  That leaves only the second prong of Section 1400(b), but that cannot be met here because Facebook has no "regular and established place of business" in this district.

The Supreme Court's decision in *Fourco* remained controlling law on patent venue until the Federal Circuit's decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) ("*VE Holding*").  The panel in *VE Holding* held that a 1988 amendment to the general venue statute, 28 U.S.C. § 1391(c), superseded *Fourco*.  The effect of *VE Holding* was to allow venue over a corporate defendant under Section 1400(b) in any judicial district in which it was subject to personal jurisdiction.

But *VE Holding* is no longer good law.  In 2011, Congress passed the Federal Courts Clarification and Venue Clarification Act of 2011 that rewrote almost all of Section 1391.  Congress added a new provision that makes clear that Section 1391 governs venue in civil actions "except as otherwise provided by law."  28 U.S.C. § 1391(a).  As explained in the legislative history and by recent Supreme Court authority, this section was designed to make clear that Section 1391 is merely a general venue statute that does not modify or displace more specialized venue statutes—such as Section 1400(b).  *See* H.R. Rep. No. 112-10, at 18 & 18 n.8 (2011); *Atlantic Marine Const. Co., Inc. v. United States District Court*, ___ U.S. ____, 134 S.Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, <u>in cases where a more specific venue provision does not apply</u>.  Cf., *e.g.*, § <u>1400</u> (identifying <u>proper venue</u> for <u>copyright</u> and <u>patent</u> <u>suits</u>).") (italics in original; underlining added).

Congress has not changed the language of Section 1400(b) since the Supreme Court handed down *Fourco*. As a result of the 2011 amendment, Section 1391(c) and *VE Holding* no longer define what it means for a defendant to "reside" in a judicial district for purposes of Section 1400(b). As explained below, the effect of the 2011 statute was to reinstate *Fourco* and restore the law of patent venue to where it stood prior to *VE Holding*. Because Facebook does not satisfy either prong of Section 1400(b) under *Fourco*, this action must be dismissed, or in the alternative, transferred to the Northern District of California.[1]

### III. BACKGROUND

The underlying facts relevant to this motion are straightforward and undisputed. Between August 2012 and September 2013, Blue Spike filed 89 separate lawsuits in this district alleging patent infringement. The Court consolidated those cases for discovery and claim construction, ordered that each defendant be placed into a "supplier" or "customer" group, and then placed the two groups on different schedules. *See Blue Spike LLC v. Texas Instruments*, 12-cv-499 (E.D. Tex.) (lead case) (Dkt. Nos. 1316, 1331, and 1332). Five "supplier" cases remain pending in the Eastern District of Texas.

Facebook is a "customer" defendant (along with 24 other companies) in *Blue Spike, LLC v. Audible Magic Corporation et al.*, No. 12-CV-00576 (E.D. Tex. filed August 27, 2012). That case alleges that the lead defendant, Audible Magic Corporation, supplies certain content recognition technology to customers (including Facebook) that allegedly infringes certain Blue Spike patents. Facebook is a defendant in that suit solely in its capacity as a "customer" of Audible Magic. Facebook's own technologies are not implicated in that suit.

---

[1] Facebook also intends to file a separate motion to transfer pursuant to 28 U.S.C. § 1404(a). In the event the Court does not find venue improper under 28 U.S.C. § 1400(b), it should nonetheless transfer the present action to the Northern District of California based on the convenience of the parties and witnesses, and in the interests of justice.

3

On December 22, 2014, Blue Spike filed a new and separate case against Facebook alleging that Facebook's own facial recognition technologies infringe several Blue Spike patents. (Complaint, D.I. 1, ¶ 27.) Facebook is a Delaware corporation with its headquarters in Menlo Park, California, which is within the Northern District of California. (*See* Declaration of Jeremy Jordan ("Jordan Decl.") ¶ 2.) Facebook has no offices in the Eastern District of Texas and knows of no employees who work in this district. (*Id.* ¶¶ 2-3.)

The Complaint does not allege that Facebook is incorporated in Texas or has any "regular and established place of business" in this district under 28 U.S.C. § 1400(b). It instead alleges that venue is proper in the Eastern District of Texas "under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Blue Spike's claims happened in the District, and Defendant is subject to personal jurisdiction in the District." (Complaint, D.I. 1, ¶ 6.)

## IV.   VENUE IS IMPROPER IN THE EASTERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1400(B)

Because Facebook is not incorporated in Texas, and does not have a "regular and established place of business" in the Eastern District of Texas, venue is improper under 28 U.S.C. § 1400(b) as interpreted by *Fourco*. The Court must therefore dismiss the present action, or alternatively, transfer it to the Northern District of California where it could have been brought. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### A.   28 U.S.C. § 1400(b) Controls Venue in Patent Infringement Suits

The Supreme Court for decades has interpreted Section 1400(b) as the sole and exclusive provision governing venue in patent infringement actions. As the Supreme Court has observed,

the intent behind the statute was straightforward: "Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (citation omitted). In light of this purpose, the Supreme Court has repeatedly resisted efforts to allow more expanded venue in patent cases.

For example, in *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942), the Supreme Court held that Section 48 of the Judicial Code—the direct predecessor to 28 U.S.C. § 1400(b)—was the sole and exclusive statutory provision governing venue in patent infringement actions. *Id.* at 563. The Court held that Congress did not intend Section 48 to be affected by more general statutes governing venue in civil cases. "Congress did not intend the Act of 1897 to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings." *Id.* at 565-66.

As the result of a 1948 revision of the Judicial Code, the patent venue statute was relocated to 28 U.S.C. § 1400(b), and the general venue statute to 28 U.S.C. § 1391, where they remain today. In *Fourco*, the Supreme Court directly confronted the question of whether the definition of corporate residency under the general venue statute, 28 U.S.C. § 1391(c), applied to venue in patent infringement actions under Section 1400(b). Section 1391(c) at the time of the *Fourco* decision provided that: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is <u>doing business</u>, and such judicial district shall be regarded as the residence of such corporation for venue purposes." *Fourco*, 353 U.S. at 223 (quoting 28 U.S.C. § 1391(c) (1948)) (emphasis added). In other words, under Section 1391(c)

5

at the time of *Fourco*, a corporation was regarded as residing, "for venue purposes," in any district in which it was "doing business."

But the Supreme Court held that this expansive definition of corporate residency did **not** apply to patent infringement cases under Section 1400(b). The Court held that "it is clear that § 1391(c) is a general corporation venue statute, whereas <u>§ 1400(b) is a special venue statute applicable specifically to all defendants in a particular type of actions, i.e., patent infringement actions</u>." *Id.* at 228 (emphasis added). The Court concluded that "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *Id.* at 229. The Court also made clear that a corporate defendant "resides" only in the state in which it is incorporated. 353 U.S. at 226; *see also In re Cordis Corp.*, 769 F.2d at 735 ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated.") (citing *Fourco*).

*Fourco* and *Stonite* established and reaffirmed the Supreme Court's position that patent-specific venue statutes stand alone and may not be expanded by more general statutory provisions governing venue in civil suits. The Supreme Court subsequently summarized *Fourco* and *Stonite* by observing that patent infringement statutes are "in a class by themselves, outside the scope of general venue legislation." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 (1972); *see also Schnell*, 365 U.S. at 263.

### B.  The Federal Circuit's Decision in *VE Holding*

In 1988, Congress amended Section 1391(c) to provide that: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (1990) (quoted in *VE Holding*, 917 F.2d at 1578). The panel in *VE Holding* addressed the question of whether the amended Section 1391(c) expanded the permissible venue

6

in patent infringement cases under Section 1400(b).

The Federal Circuit began its decision in *VE Holding* by acknowledging that "[f]or almost one hundred years, a specific statutory provision, currently section 1400(b) of chapter 87, title 28, U.S. Code, has set forth the bases for establishing venue in patent infringement actions." 917 F.2d at 1575. The court further observed that "[t]he Supreme Court's decision in *Fourco* is generally viewed as holding that § 1400(b) is the 'exclusive' venue statute in patent infringement actions." *Id.* at 1579. The Federal Circuit nonetheless held that the 1988 amendment to Section 1391(c) superseded *Fourco*. The panel relied on the phrase, "for purposes of venue under this chapter," which it characterized as "exact and classic language of incorporation." *Id.* at 1579. The panel reasoned that "[t]he phrase 'this chapter' refers to chapter 87 of title 28, which encompasses §§ 1391–1412, and thus includes § 1400(b)." *Id.* at 1578. "On its face," the panel concluded, "§ 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *Id.* As a result of *VE Holding*, venue for a corporate defendant in a patent case generally lied in any district in which it was subject to personal jurisdiction.

C.     **The Federal Courts Jurisdiction and Venue Clarification Act of 2011**

On December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("Venue Clarification Act"). The House Report accompanying the Venue Clarification Act observed that "the current rules force [judges] to waste time determining jurisdictional issues at the expense of adjudicating underlying litigation." House Judiciary Committee Report to H.R. 394, at 1-2 (attached as Exhibit A hereto) ("House Report"). The Venue Clarification Act was enacted to "bring[] more clarity to the operation of Federal jurisdictional statutes and facilitate[] the identification of the appropriate State or Federal court where actions should be brought." *Id.* at 1.

The Venue Clarification Act made a number of changes to jurisdictional and venue

7

statutes in Title 28, including a wholesale rewrite of 28 U.S.C. § 1391(a)-(c). Section 1391 now begins with a new subsection that expressly defines and limits its applicability and scope:

> **28 U.S.C. § 1391 – Venue generally**
>
> (a)     **Applicability of Section**.— *Except as otherwise provided by law—*
>
>        (1)     this section shall govern the venue of all civil actions brought in district courts of the United States; and
>
>        (2)     the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a) (italics added).

Section 1391(a) by its plain terms defines the "applicability" of the entirety of Section 1391. The key phrase in Section 1391(a) is shown in italics above, "[e]xcept as otherwise provided by law." As explained in more detail below, this subsection makes clear that Section 1391 defines only default rules for venue in civil cases generally, and does not apply where venue is governed by a more specific statute, *i.e.* is "otherwise provided by law."

The legislative history of the Venue Clarification Act confirms this common sense reading of Section 1391(a). As explained in the House Report accompanying the Venue Clarification Act: "New paragraph 1391(a)(1) would follow current law in providing the <u>general requirements for venue choices</u>, <u>but would not displace the special venue rules that govern under particular Federal statutes</u>." House Report, at 18 (emphasis added). The House Report further noted that "there are over 200 specialized venue statutes in the United States Code. These <u>specialized statutes would continue to govern within their respective fields</u>, and the general venue statute would govern diversity and Federal question litigation outside these special areas." *Id.* at 18, n.8 (emphasis added). With these amendments, Congress made its intent crystal clear – as its title indicates, Section 1391 provides only "general" venue rules, and does not displace, modify or supplant more specific venue statutes—of which Section 1400(b) is one.

D.   **The Supreme Court's 2013 Decision in *Atlantic Marine***

The Venue Clarification Act was also discussed by the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court*, ___ U.S. ____, 134 S.Ct. 568 (2013), which addressed whether a motion to dismiss based on a forum selection clause was subject to dismissal for "improper" venue. The Supreme Court discussed the Venue Clarification Act and, citing the new Section 1391(a)(1), observed that "Section 1391 governs 'venue generally,' that is, <u>in cases where a more specific venue provision does not apply</u>." *Id.* at 577 n.2 (emphasis added). The Court then immediately cited to the patent venue provision in Section 1400 as an example of a more specific venue provision. *Id.* ("Cf., *e.g.*, § <u>1400</u> (<u>identifying proper venue for</u> copyright and <u>patent suits</u>).") (underlining emphasis added). The decision in *Atlantic Marine* strongly indicates the Court's acknowledgement that Section 1391 supplies only general venue rules and does **not** apply to patent infringement suits.

E.   **The Venue Clarification Act Supersedes *VE Holding***

The Venue Clarification Act makes clear that Section 1391 applies only to venue generally, and does **not** "displace the **special venue rules** that govern under particular Federal statutes." House Report, at 18 (emphasis added); *Atlantic Marine Const. Co.*, 134 S.Ct. at 577 n.2. Under longstanding Supreme Court precedent, Section 1400(b) is clearly a "special venue rule," and thus, cannot be expanded by the more expansive definition of corporate residency in Section 1391(c)(2).

The Supreme Court has repeatedly characterized Section 1400(b) as the type of special venue statute to which Section 1391(c)(2) does not apply. As the Supreme Court explained, "it is fair to say, as the Court did in *Stonite* and *Fourco*, that in 1897 Congress placed <u>patent infringement cases in a class by themselves, outside the scope of general venue legislation</u>." *Brunette Mach. Works, Ltd.*, 406 U.S. at 713 (emphasis added). The Supreme Court directly

9

held in *Fourco* that "§ 1391(c) is a general corporation venue statute, whereas <u>§ 1400(b) is a special venue statute applicable specifically to all defendants in a particular type of actions, i.e., patent infringement actions</u>." 353 U.S. at 228 (emphasis added). Because venue in patent cases is an area "otherwise provided by law," 28 U.S.C. § 1391(a), it may not be expanded by reference to the corporate residency definition in § 1391(c)(2).

Section 1400(b) was not amended by the Venue Clarification Act and is the same today as it was when the Supreme Court handed down *Fourco* in 1957. The Supreme Court's holding in *Fourco*, that "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)," *id.* at 229, is therefore controlling law on venue in patent infringement cases.

F.  **Venue Over Facebook Is Improper In this District**

Under *Fourco* and its progeny, venue is improper in the Eastern District of Texas because Facebook does not satisfy either prong of Section 1400(b). Under the first prong, a corporate defendant "resides" only in the state in which it is incorporated. *Fourco*, 353 U.S. at 226; *see also In re Cordis Corp.*, 769 F.2d at 735 ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated.") (citing *Fourco*). Because Facebook is incorporated in Delaware, not Texas, it does not meet this first prong. (Jordan Decl., ¶ 2.)

Nor does Facebook meet the second prong of Section 1400(b), which allows a defendant to be sued "where the defendant has committed acts of infringement <u>and has a regular and established place of business</u>." 28 U.S.C. § 1400(b) (emphasis added). Facebook has no place of business in the Eastern District of Texas—let alone any "regular and established" place of business. It has no offices in the Eastern District of Texas and is aware of no employees who work there. (Jordan Decl., ¶¶ 2, 3.) Facebook therefore does not meet the second prong under Section 1400(b).

Because venue is improper in the Eastern District of Texas, the Court must dismiss this action based on improper venue, or transfer it to the Northern District of California where it could have been brought. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

**V. CONCLUSION**

For the foregoing reasons, Facebook respectfully requests that the Court dismiss the present action for improper venue, or in the alternative, transfer it to the Northern District of California under 28 U.S.C. § 1406(a).

Date: March 24, 2015                                Respectfully submitted,

                                                    */s/ Orion Armon*
                                                    _____

                                                    Deron Dacus (Texas Bar No. 00790553)
                                                    The Dacus Firm, P.C.
                                                    821 ESE Loop 323, Suite 430
                                                    Tyler, TX 75701
                                                    Telephone: (903) 705-1117
                                                    ddacus@dacusfirm.com

                                                    Heidi L. Keefe (CA Bar 178960)
                                                    Mark R. Weinstein (CA Bar 193043)
                                                    COOLEY LLP
                                                    Five Palo Alto Square
                                                    3000 El Camino Real
                                                    Palo Alto, CA 94306-2155
                                                    Phone: (650) 843-5000
                                                    Fax:   (650) 857-0663
                                                    hkeefe@cooley.com
                                                    mweinstein@cooley.com

                                                    Orion Armon (CO Bar No. 34923)
                                                    Janna K. Fischer (*pro hac vice*)
                                                    COOLEY LLP
                                                    380 Interlocken Crescent, Suite 900
                                                    Broomfield, CO 80021
                                                    Tel:   (720) 566-4000
                                                    Fax:   (720) 566-4099
                                                    oarmon@cooley.com
                                                    jfischer@cooley.com
                                                    *Attorneys For Defendant*
                                                    *Facebook, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. First Class mail on this 24th day of March, 2015.

/s/ *Orion Armon*
Orion Armon